IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **MELISSA LOPES** | * | |
| 814 North 18th Street | * | |
| Harrisburg, Pennsylvania 17103 | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Case #:** |
| | * | |
| **APARTMENT SERVICES, INC.** | * | |
| 10 Parks Avenue | * | |
| Hunt Valley, MD 21030 | * | |
| | * | |
| **SERVE ON RESIDENT AGENT** | * | **JURY TRIAL REQUESTED** |
| Samuel Blibaum, Esq. | * | |
| Blibaum & Associates, P.A. | * | |
| 40 York Rd., Suite 300 | * | |
| Towson, MD 21204 | * | |
| | * | |
| **APARTMENT SERVICES, LLC** | * | |
| 216 Schilling Circle | * | |
| Suite 300 | * | |
| Hunt Valley, Maryland 21031 | * | |
| | * | |
| **SERVE ON RESIDENT AGENT** | * | |
| Michael E. Marino, Esq. | * | |
| 609 Bosley Ave. | * | |
| Towson, MD 21204 | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## **COMPLAINT**

Plaintiff Melissa Lopes respectfully submits this Complaint alleging that the Defendants violated the Family Medical Leave Act ("FMLA") by failing to advise Plaintiff of her rights under the FMLA and for terminating her due to her serious medical condition.

### **STATEMENT OF FACTS**

PLAINTIFF

1. Plaintiff is an adult citizen of the State of Pennsylvania and resides there.

2. Plaintiff worked for the Defendants from approximately 1994 until approximately June 2010.

3. Plaintiff was a full-time employee of the Defendants and worked at least 1250 hours in the twelve months prior to her family medical leave.

4. Plaintiff was an "employee" of the Defendants within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

5. During her employment, Plaintiff worked as the Director of Training and Marketing for the Defendants.

DEFENDANTS

6. Defendant Apartment Services, Inc. is a Maryland corporation that does business in Maryland.

7. Defendant Apartment Services, Inc. has over 50 employees and is subject to the FMLA.

8. Defendant Apartment Services, Inc. is an "employer" within the meaning of the term of the FMLA, 29 U.S.C. § 2611(4)(A).

9. Defendant Apartment Services, LLC is a Maryland limited liability corporation that does business in Maryland.

10. Defendant Apartment Services, LLC has over 50 employees and is subject to the FMLA.

11. Defendant Apartment Services, LLC is an "employer" within the meaning of the term of the FMLA, 29 U.S.C. § 2611(4)(A).

12. At all times herein mentioned, the acts and omissions of the Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every

one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

13. At all times herein mentioned, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other, thereby proximately causing the damages as herein alleged.

FACTS RELATING TO FMLA VIOLATIONS

15. In approximately April 2010, Plaintiff developed a serious medical condition which required her to miss work starting on approximately April 15, 2010.

16. On approximately April 23, 2010, Defendants' human resources director, Trudy Via provided FMLA paperwork to Plaintiff for her to complete.

17. On approximately May 4, 2010, Plaintiff's physician completed the FMLA paperwork provided by Defendants. Plaintiff's physician documented her anticipated leave time from April 15, 2010 through June 15, 2010.

18. On approximately May 4, 2010, Plaintiff faxed the necessary FMLA forms to Defendants' human resources department as instructed by Defendants.

19. Also on approximately May 4, 2010 Plaintiff called Defendants' agent, Kristina Nelson, and left a voicemail message stating that she had faxed the completed paperwork to the human resources director, Trudy Via.

20. On approximately May 5, 2010, Defendants' agent, Kristina Nelson, confirmed that she received Plaintiff's voicemail message from May 4, 2010.

21. On approximately May 7, 2010, Defendants' agent, Kristina Nelson, met with Plaintiff off company grounds and took away Plaintiff's company laptop, laptop charger, company cell phone and charger, and all keys to the Defendants' building. Also, at the end of this meeting, Ms. Nelson opened the truck of her vehicle and handed Plaintiff a box with all of Plaintiff's personal effects from her office.

22. When Plaintiff asked why Defendants were taking back these items while she was on FMLA leave, Ms. Nelson assured Plaintiff that she was still employed by Defendants but was on "inactive status" and would have a position when she returned from her FMLA leave.

23. On approximately May 10, 2010, Plaintiff called Defendants' human resources director, Trudy Via, seeking clarification of her FMLA rights because she was concerned, based on her meeting with Ms. Nelson on May 7, that Defendants were terminating her while she was on FMLA leave. Ms. Via informed Plaintiff that she would have to be offered an equivalent position and same pay when she returned from her FMLA leave.

24. On approximately May 12, 2010, Defendants' agent, Kristina Nelson, informed Plaintiff that Defendants had hired someone to take her position but assured Plaintiff that when she returned from her leave she would receive an equivalent position at her equivalent salary in accordance with the FMLA law.

25. On approximately June 7, 2010, Plaintiff's doctor released Plaintiff to return to work as of June 14, 2010.

26. Later in the day on approximately June 7, 2010, Plaintiff faxed a "Return to Work" form to Defendants' human resources director, Trudy Via, advising Defendants that

she would be returning to work on June 14, 2010. The same day, Plaintiff also sent a text message to Defendants' agent, Kristina Nelson, advising her that Plaintiff's doctor had released her to return to work on June 14, 2010 and that she had faxed the necessary paperwork to Defendants' human resources department.

27. On approximately June 11, 2010, Defendants' human resources director, Trudy Via, phoned Plaintiff and asked Plaintiff to meet her in the parking lot of a funeral home in Reisterstown, Maryland. Plaintiff was uncomfortable with this bizarre request and suggested they meet across the street at a shopping center instead.

28. At the June 11, 2010 meeting, Defendants' agent, Trudy Via, informed Plaintiff that the Defendants did not have a position for Plaintiff equal to her salary.

29. Defendants never offered to return Plaintiff to a position with the same job duties.

30. Defendants' agent, Trudy Via, then informed Plaintiff that Defendants were terminating her as of June 14, 2010.

31. The Defendants' actions in terminating Plaintiff were willful and intentional, and done with malice and evil intent.

JURISDICTION AND VENUE

32. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 29 U.S.C. § 2615.

33. Venue is appropriate in this jurisdiction because the unlawful events occurred in this district.

## LEGAL CLAIMS

### COUNT I - FMLA VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA"), INTERFERENCE &TERMINATION VIOLATIONS

34. All of the allegations of the Complaint are fully incorporated into Count I.

35. The Defendants violated the FMLA by terminating the Plaintiff's employment after she took FMLA approved leave for her own serious medical condition.

36. The FMLA makes it unlawful for an employer to, "interfere with, restrain, or deny the existence of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1).

37. The Defendant's actions were not taken in good faith, or with a reasonable belief that their actions did not violate the FMLA. The actions were taken with malice and in complete indifference to Plaintiff's rights under the FMLA.

38. <u>Relief Requested:</u> Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for lost wages and benefits; (b) liquidated damages; (c) attorney's fees; (d) pre-and post-judgment interest; and (e) costs and other relief that is deemed just and fair.

## COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA"), RETALIATION

39. All of the allegations of this Complaint are expressly incorporated into Count II.

40. The Family & Medical Leave Act makes it unlawful for an employer to retaliate against an employee who seeks to exercise rights under the Act. 29 U.S.C. § 2615.

41. The Defendant violated the anti-retaliation provisions of the Family & Medical Leave Act by terminating Plaintiff after she took FMLA-approved leave for her own serious medical condition.

42. The Defendant's actions were not taken in good faith or with a reasonable belief that its actions did not violate the FMLA. The actions taken were willful and with malice and in complete indifference to Plaintiff's rights under the FMLA.

43. <u>Relief Requested:</u> Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for lost wages and benefits; (b) liquidated damages; (c) attorney's fees; (d) pre-and post-judgment interest; and (e) costs and other relief that is deemed just and fair.

        Respectfully submitted,

        /s/
        _____
        Richard P. Neuworth, #01052
        Michael Melick, #29176
        606 Baltimore Avenue – Suite 201
        Baltimore, Maryland 21204
        tel. 410.296.3030
        fax. 410.296.8660
        *Attorneys for Melissa Lopes*

## REQUEST FOR JURY TRIAL

Plaintiff Melissa Lopes requests that a jury decide her case.

        _____/s/_____
        Richard P. Neuworth #01052
        Michael Melick, #29176
        606 Baltimore Avenue – Suite 201
        Baltimore, Maryland 21204
        tel. 410.296.3030
        fax. 410.296.8660
        *Attorneys for Melissa Lopes*